[Civ. No. 8203. Second Appellate District, Division One.—April 25, 1932.]

TIFFANY PRODUCTIONS, INC. (a Corporation), et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Sam Wolf and Harry J. Miller for Petitioners.

Loyd Wright and Charles E. Millikan for Respondents.

CONREY, P. J.—In the respondent Superior Court there was pending an action between James Cruz Productions, Inc., Ltd., plaintiff, and Tiffany Productions, Inc., and Tiffany Productions of California, Inc., Ltd., defendants. The complaint prayed for certain relief to which the plaintiff claimed to be entitled, arising out of a contract between the plaintiff and the defendants. The contract contained an agreement for arbitration in the event of a disagreement between the parties as to the rights, duties or obligations of either party thereto. In their answers to the complaint and as a defense thereto, the defendants pleaded the existence of said agreement of arbitration. The defendants also filed a cross-complaint for the recovery of certain moneys which they alleged constituted an overpayment made by them to the plaintiff in the course of the transactions which arose out of said contract. On filing their cross-complaint the defendants and cross-complainants caused to be levied an attachment against property of the plaintiff.

While the action was in the condition hereinabove stated, the plaintiff gave notices of two motions to be made by it in said action, one being a motion for a stay of proceedings in the action and the other being a motion for discharge and dissolution of the attachment. In accordance with said notices, these matters came on for hearing at one and the same time and place, and it may fairly be said that they were heard together, although the court first heard argument upon the motion to stay proceedings before the motion to discharge attachment was taken up for discussion. It further appears that, in accordance with notice given by the

defendants, they also at the same time presented to the court an application for an order staying proceedings in the action "in accordance with the provisions of section 1284 of the Code of Civil Procedure of the State of California". In the argument here it seems to be conceded that at the time of hearing of said motions the court announced its intention to grant the stay of proceedings, and that thereupon the defendants and cross-complainants raised the point that the court by reason of said stay of proceedings became immediately without power to release or discharge the attachment. The action of the court in disposing of the matter at that time is briefly shown in the minutes, which read as follows: "Motion to release and discharge attachment and motions (2) to stay proceedings come on for hearing, Wright & Millikan appearing as attorneys for the plaintiffs and Sam Wolf by H. J. Miller for the defendants; motion to release and discharge attachment to stand submitted upon presentation of closing brief, 7–5 and 1 days allowed. Motions (2) to stay proceedings are granted. Cross-complainant notes an exception to Order staying proceedings on cross-complaint." Thereafter, the court notified counsel of its intention to grant the motion for an order discharging the attachment. Thereupon defendants and cross-complainants filed in this court their petition for a writ of prohibition. The alternative writ was issued, return duly made by answer, and after argument the matter has been submitted for decision.

Counsel for the respective parties have cited a number of decisions upon which they rely, the one to sustain the position that an order staying proceedings in an action deprives the court of jurisdiction to act further in any proceeding in the action, and the other to sustain the position that an ancillary proceeding relating to such a matter as an attachment or a receivership is not included within the scope of a general order for a stay of proceedings. None of them are California decisions, but they are instructive upon the question. We have concluded, however, that the inquiry is not necessary in this case. ■ The court had these several motions before it at one time and plainly intended to dispose of them together. Under such circumstances, the mere order of time in which the court happens to enter its orders becomes immaterial. From the minutes

of the court, as well as from the conceded facts with reference to that which actually took place, it is plain that in granting the order for stay of proceedings, the court intended to and did reserve the right to pass upon the motion for discharge of attachment. Under the circumstances, we think that the court had the right to make such reservation without depriving itself of jurisdiction to complete its action upon the matters thus brought before it for decision. It follows that the court is not now without jurisdiction to render its decision and make an order in accordance with such decision upon the motion for discharge of the attachment.

The alternative writ is discharged, and the petition for the peremptory writ is denied.

York, J., and Tappaan, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 24, 1932, and an application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1932.